NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0584n.06

No. 16-1260

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| OLD BLAST, INC., et al., | ) | **FILED** |
| | ) | Oct 31, 2016 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| OPERATING ENGINEERS LOCAL 324 PENSION | ) | COURT FOR THE EASTERN |
| FUND, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: CLAY, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Old Blast, Inc. and Joyce Denonville sued the Operating Engineers Local 324 Pension Fund, arguing that ERISA's imposition upon Old Blast of withdrawal liability to the Fund was unconstitutional. The district court granted the Fund's motion to dismiss. We affirm.

I.

Old Blast was a Michigan corporation that employed members of the Operating Engineers Local 324 Union. Old Blast and the Union entered into a collective bargaining agreement that required Old Blast to contribute money to the Fund, a multi-employer pension plan, on behalf of Old Blast's employees. The Fund is administered under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* [R. 12, PageID 116.]

In 2010, Power Vac of Michigan, Inc. purchased Old Blast's assets, agreeing to pay Old Blast in installments over the next several years. Old Blast then dissolved and withdrew from the Fund. But ERISA requires an employer that withdraws from a multi-employer pension plan to pay the plan the amount of any "unfunded vested benefits" owed to its workers. 29 U.S.C. § 1381(b). The Fund gave Old Blast written notice that Old Blast owed $204,665 in withdrawal liability under § U.S.C. 1381(b). [Case No. 11-13921, DE 1, PageID 3.] When Old Blast failed to pay, the Fund sued Old Blast in federal court to recover the withdrawal liability. [*Id.* at 1-4.] Old Blast did not challenge the Fund's assessment of withdrawal liability, and instead entered into a consent judgment with the Fund that required Old Blast to pay $239,871.28 in withdrawal liability, costs, and fees. [*Id.*, DE 11.] Joyce Denonville, Old Blast's sole shareholder, signed the consent judgment on the corporation's behalf. [*Id.*]

To enforce the judgment, the Fund petitioned the same district court to garnish, on behalf of the Fund, Power Vac's payments to Old Blast under the sale agreement. Denonville moved to intervene in the garnishment proceedings in her individual capacity. The district court denied Denonville's motion and granted the Fund's request for garnishment. [*Id.*, DE 35.] The Fund then began garnishing Power Vac's payments to Old Blast.

Nearly three years later, Old Blast and Denonville brought this lawsuit against the Fund, arguing that ERISA's withdrawal-liability provision, § U.S.C. 1381(b), is unconstitutional as applied to Old Blast. [R. 1.] The Fund moved to dismiss, arguing among other things that Denonville lacked standing to challenge the withdrawal liability, that Old Blast's claims were barred by res judicata, and that the plaintiffs' claims were meritless. [R. 4.] The district court granted the motion for failure to state a claim, holding that § U.S.C. 1381(b) was constitutional as applied to Old Blast. [R. 12.] Denonville and Old Blast then moved to amend the judgment

and to file an amended complaint. [R. 14; R. 15.] The district court denied those motions. This appeal followed.

## II.

We review the district court's decision *de novo*. *Booth Family Trust v. Jeffries*, 640 F.3d 134, 139 (6th Cir. 2011). We may "affirm on any grounds supported by the record even if different from the reasons of the district court." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

As a threshold matter, the Fund argues that Denonville lacks standing to challenge the imposition of withdrawal liability upon Old Blast. To establish Article III standing at the pleading stage of a case, a plaintiff must allege a personal injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Meanwhile, "a shareholder of a corporation does not have a personal or individual right of action based solely on an injury to the corporation." *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 315 (6th Cir. 1987), *modified at* 933 F.2d 400 (6th Cir. 1991). Instead, only the corporation, or a shareholder acting derivatively, can sue to recover damages for a corporate injury. *Id.* This rule applies even in cases where the person seeking redress is the corporation's sole shareholder. *Conderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 602-03 (6th Cir. 1988). Of course, a shareholder may sue in an individual capacity if she suffers an injury that is "separate and distinct" from the corporation's injury. *Gaff*, 814 F.2d at 315. But depreciation in the value of a shareholder's stock in a corporation does not establish "the type of direct, personal injury which is necessary to sustain a direct cause of action." *Id.*

Here, the Fund has not taken any action against Denonville directly. Instead, the Fund garnished Power Vac's payments to Old Blast, which in turn made Denonville's interest in Old Blast valueless. The Fund's garnishment of Power Vac's payments to Old Blast affects

Denonville only indirectly, and thus she suffered no harm "separate and distinct" from that of Old Blast. *See Gaff*, 814 F.2d at 315. She therefore lacks standing to bring individual claims against the Fund, and we affirm the dismissal of her claims.

The Fund argues that Old Blast's claims, in turn, are barred by the doctrine of res judicata. Under that doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (internal quotation marks omitted). "Issues," for the purposes of this rule, include defenses to recovery. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979).

> Res judicata has four elements:
>
> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

As to the first element, the consent judgment is a final decision on the merits of the prior litigation regarding Old Blast's withdrawal liability. The plaintiffs respond that "consent settlements" are not final decisions for the purposes of res judicata. Reply Br. at 3. But here the parties entered a consent judgment; and "[a] consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of final judgment for purposes of [res judicata]." *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002). Moreover, that judgment was signed by Old Blast (with Denonville wielding the pen) and by the Fund. The first and second elements of res judicata are therefore met.

As to the third element, in the prior case Old Blast could have challenged the constitutionality of the withdrawal liability but did not. And the defense that Old Blast seeks to

raise now pertains to the very same "transaction"—the imposition of withdrawal liability upon Old Blast under § U.S.C. 1381(b)—as the prior lawsuit. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006). Old Blast therefore should have raised the defense in the prior litigation, and hence this element too is met.

Finally, the fourth element requires an "identity" of claims. *Kane*, 71 F.3d at 560. Causes of action share an identity "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono*, 563 U.S. 307, 317 (2011). The Fund's claims for withdrawal liability in the earlier action, and Old Blast's defense to that same liability now, are based on the same operative facts. The parties merely draw different legal conclusions from them. The fourth element is therefore met, and Old Blast's claims are barred.

The plaintiffs also appeal the district court's denial of the motions to amend the judgment and file an amended complaint. These arguments go to the merits of the plaintiffs' constitutional challenge, which as shown above make no different to the outcome of this case. The district court therefore did not abuse its discretion by denying the motions.

The district court's judgment is affirmed.

**CLAY, Circuit Judge, concurring.** I agree with the majority that the district court's judgment must be affirmed. I write separately to discuss an issue that was raised on appeal by Plaintiff Old Blast, Inc. which was not addressed in the majority's opinion. The issue concerns whether the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), specifically the application of withdrawal liability under 29 U.S.C. § 1381, is unconstitutional as applied to Joyce Denonville.

Plaintiff argues that the district court erred in applying a rational basis test to its facial challenge because Denonville's shares in Old Blast, in Plaintiff's view, are similar to the interests of those individuals receiving welfare assistance. Plaintiff claims that Denonville's property rights in these shares are fundamental rights which should garner the protection of the strict scrutiny standard because she is a widow with children to support.

This argument fails for a variety of reasons, the first being that "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiff incorrectly challenges the constitutionality of the MPPAA because it argues that only circumstances pertaining to Denonville exist under the MPPAA which are invalid. It does not even attempt to establish that "no set of circumstances exists under which the [MPPAA] would be valid." *Id.*

Second, the Supreme Court has consistently applied the rational basis test to the MPPAA's withdrawal liability section. The Supreme Court held in *Pension Benefit Guaranty Corporation v. R.A. Gray & Co.*, that the retroactive application of the MPPAA's withdrawal liability provisions was justified by a rational legislative purpose, and therefore, did not violate the Fifth Amendment's Substantive Due Process Clause. 467 U.S. 717, 730-31 (1984); *see also*

*Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust For Southern California*, 508 U.S. 602 (1993) (holding that withdrawal liability as applied to Concrete Pipe, the employer, did not violate the Fifth Amendment because the imposition of withdrawal liability was clearly rational inasmuch as the employer's liability was based on a proportion of its contributions during its participation in the plan).

Third, it appears that Old Blast has waived its right to challenge the withdrawal liability because it did not follow the MPPAA's mandatory arbitration provision. The MPPAA states that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). *See also Knall Beverage, Inc. v. Teamsters Local Union No. 293 Pension Plan*, 744 F.3d 419, 422 (6th Cir. 2014) (holding that the plaintiffs cannot bring the action in federal court because they did not comply with the MPPAA's arbitration requirement).

Old Blast seems to argue that it did not need to bring this dispute before an arbitrator because it brought a facial constitutional attack. *See Marvin Hayes Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 814 F.2d 297, 300 (6th Cir. 1987) (holding that "[u]nless an employer is mounting a facial constitutional attack or making a verifiable claim of irreparable injury, the courts have no jurisdiction to entertain the merits of the dispute prior to arbitration."). However, Old Blast's facial constitutional challenge was meritless, and arguably frivolous. In accord with the other circuits, "[a]ny objection to an MPPAA withdrawal liability assessment not raised by the employer in the arbitration is waived." *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Exp., Inc.*, 181 F.3d 799, 806-07 (7th Cir. 1999); *Trs. of Colo. Pipe Indus. Pension Tr. v. Howard Elec. & Mech. Inc.*, 909 F.2d 1379, 1385-86 (10th Cir. 1990)

(holding that an employer waives any defenses to collection actions that could properly have been heard before the arbitrator by failing to arbitrate); *I.A.M. Nat'l Pension Fund, Plan A, A Benefits v. Clinton Engines Corp.*, 825 F.2d 415, 417-18 (D.C. Cir. 1987) ("Congress' directive is clear. Any dispute over withdrawal liability as determined under the enumerated statutory provisions shall be arbitrated" prior to judicial review); *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC, Inc.*, 826 F.2d 320, 326-28 (5th Cir. 1987) (noting that section 1401(a)(1)'s arbitration provision indicates that arbitration is compulsory, not a voluntary stage of the administrative procedure).

Lastly, Old Blast may have been able to reduce the amount of its withdrawal liability if it had properly challenged the assessment in arbitration. The MPPAA affords relief for insolvent employers. In the case of an insolvent employer undergoing liquidation or dissolution, the employer's withdrawal liability may be reduced. *See* 29 U.S.C. § 1405(b) (stating that the unfunded vested benefits allocable to an insolvent employer shall not exceed 50 percent of the unfunded vested benefits allocable to the employer and that portion of the 50 percent which does not exceed value of employer). I note this because Old Blast argued in the district court that Congress failed to consider the possibility that the amount required to pay withdrawal liability might exceed the ability of the employer to pay.

I therefore agree with the majority that the district court's judgment must be affirmed.